No. 07-0783
════════════
 
 
Irving W. Marks, 
Petitioner,
 
v.
 
St. Luke’s Episcopal Hospital, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
Argued September 
11, 2008
 
            
Justice 
Wainwright, concurring.
 
            
I agree with the plurality’s opinion to the extent it concludes that a 
claim for injury arising from the alleged improper operation of a hospital bed 
provided for the care and recuperation of a back-surgery patient is a health 
care liability claim. Marks acknowledged this in his filings at the trial court, 
and the trial judge properly held that his claim was governed by the Medical 
Liability and Insurance Improve Act (MLIIA).[1] See Tex. Rev. Civ. Stat. art. 4590i.[2] I therefore join parts I and IV of the 
plurality’s opinion and the Court’s judgment. I agree with Justice Johnson’s concurring opinion 
addressing the “health care” prong of health care liability claims and our 
precedents, holding that “splicing health care liability claims into a multitude 
of other causes of action with standards of care, damages, and procedures 
contrary to the Legislature’s explicit requirements” is not permitted. See 
Diversicare Gen. Partner, Inc. v. Rubio, 185 
S.W.3d 842, 854 (Tex. 2005); see also, e.g., Garland Cmty. Hosp. v. Rose, 156 S.W.3d 541, 543, 545 (Tex. 
2004). I therefore join parts I, II, and III.A of Justice Johnson’s concurring opinion. I 
do not join part III of the plurality’s opinion, part III.B of Justice Johnson’s concurring opinion or 
address the dissenters’ arguments concerning the “safety” prong of health care 
liability claims[3] because it is not necessary in this case, 
as it was not in Diversicare, to define the 
precise scope of “safety” under the MLIIA. See Diversicare, 185 S.W.3d at 854–55 (explaining in part 
III.B.2 of the opinion that an injury to a patient from a rickety staircase or 
an unlocked window does not implicate the “health care” prong of health care 
liability claims).
 
______________________________
Dale Wainwright
Justice
 
OPINION DELIVERED: August 
27, 2010






[1] 
Marks’s retained physician concluded in his expert 
report that St. Luke’s Episcopal Hospital violated “accepted standards of good 
nursing care” specifically by failing “to ensure that the footboard was properly 
secured to the bed.”

[2] 
Medical Liability and Insurance Improvement Act of 
Texas, Act of May 30, 1977, 65th Leg., R.S., ch. 817, 
1977 Tex. Gen. Laws 2039, repealed by Act of June 2, 2003, 78th Leg., 
R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. 
The successor statute is applicable to actions filed on or after September 1, 
2003. Tex. Civ. Prac. & Rem. Code 
ch. 74.

[3] 
See United States v. Travers, 514 F.2d 1171, 1174 
(2d Cir. 1974) (Friendly, J.) (“Cassandra-like predictions in dissent are not a 
sure guide to the breadth of the majority’s ruling 
. . . .”).